UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DAVID E. HENDERSON**,

    Plaintiff,

v.                                                   Civ. No. 10-157 MCA/LAM

**BARACK HUSSEIN OBAMA,
COMMANDER IN CHIEF,
PRESIDENT OF THE UNITED STATES,**

    Defendant.

### ORDER DISMISSING COMPLAINT and
### ORDERING PLAINTIFF TO SHOW CAUSE WHY FILING RESTRICTIONS
### SHOULD NOT BE IMPOSED

THIS MATTER comes before the Court on pro se Plaintiff David E. Henderson's Motion to Proceed *in forma pauperis* ("IFP"), filed February 23, 2010, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen his case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. A party wishing to proceed IFP must demonstrate that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

**I.**     **Permission to proceed IFP will be denied and the Complaint must be dismissed.**

**A. Henderson has failed to demonstrate an inability to pay fees.**

A review of Henderson's financial affidavit shows that he claims an income of $694 from social security disability payments and expenses for rent and utilities of $274/month. *See* Doc. 2. He also lists loan debts of $1244 that he indicates will be paid off in "total." *See id.* He has no car and no dependents. *See id.* The Court takes judicial notice that in financial affidavits filed in the Western District of Texas, Henderson has sworn that he receives $535/month in social security payments, $335/month in disability payments, and $112/month in supplemental security income, plus $89/month in food stamps, and that he received a lawsuit settlement of $11,209 in February 2009. *See Henderson v. Estrada*, No. 3:09-cv-0168-KC Doc. 3 at 2 (W.D. Tex. June 10, 2009) (recommending denial of motion to proceed IFP that was adopted by district court), *appeal dismissed*, No. 09-50723 (5th Cir. Sept. 17, 2009). Henderson also received a $9,000 settlement in May 2008. *See Henderson v. Schad*, No. EP-08-CV-0358-KC, Doc. 4 (W.D. Tex. Oct. 3, 2008) (recommending denial of motion to proceed IFP that was adopted by district court), *appeal dismissed*, No. 08-51256 (5th Cir. Jan. 20, 2009)[1]; *Henderson v. Mitchell*, No. EP-08-CV-371-DB, Doc. 3 (W.D. Tex. Sept. 30, 2008) (denying motion to proceed IFP because "lawsuit settlement in May 2008" gave Henderson sufficient funds to pay filing fee), *appeal dismissed*, No. 08-51029 (5th Cir. Feb. 4, 2009); *Henderson v. Wilson*, No. EP-08-CA-0392, Doc. 3 (W.D. Tex. Dec. 3, 2008) (denying motion to proceed IFP because May 2009 settlement gave Henderson "sufficient means" to pay filing fees), *appeal dismissed*, No. 09-50082 (5th Cir. May 14, 2009).

---

[1] Although Henderson stated in his financial affidavit that he had received $9,000 from the settlement, the Court takes judicial notice that Henderson's sworn complaint states that he was awarded $52,000, after attorney and other legal fees were paid, as his part of the class-action settlement, and that he has been "awarded that money except for $18,900," which he claims that his attorneys have "negligently" refused to pay to him. *Henderson v. Schad*, No. EP-08-CV-0358-KC, Doc. 1 at 2, filed Sept. 12, 2008 (W.D. Tex.).

The Court further takes judicial notice that, just before he filed his motion to proceed IFP in this case, Henderson filed a motion in another case on February 12, 2010, in which he states that his brother-in-law, whom Henderson sued in Pennsylvania for conspiracy, recently "gave plaintiff seven hundred dollars to settle his part of the case." *Henderson v. Keisling*, No. 3:10-0247, Doc. __ at 1 (M.D. Pa. Feb. 12, 2010). The Court concludes that Henderson has not established that he cannot pay filing fees and still provide himself with the necessities of life.

**B. Henderson's Complaint fails to state a claim.**

Further, Henderson's Complaint fails to state a claim on which relief may be granted. In the wake of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the more recent case of *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), courts must carefully scrutinize a plaintiff's complaint to determine if an actionable claim is asserted. In *Twombly*, the Court noted that the pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations," 550 U.S. at 555, but the Rule demands more than an unadorned "defendant-unlawfully-harmed-me" account, *Iqbal*, 129 S. Ct. at 1949. The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action . . . ." These, the Court stated, "will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557/. In *Ashcroft v. Iqbal*, the Supreme Court noted:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement" but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (internal citations omitted).

Henderson is suing President Obama for "dereliction of . . . his duties as commander-in-chief of the U.S. Armed Forces and as the Chief Executive of the United States" under the Federal Tort Claims Act ("FTCA"). Complaint at 2. The Complaint is very difficult to decipher because of Henderson's almost illegible printing, but it is clear that the Complaint is devoid of any factual statements regarding President Obama. Instead, Henderson complains of five things, some of which are delusional in nature, and none of which state a claim against the President.

(1) On December 8, 2009, Henderson traveled to the VA hospital in Albuquerque to "attempt to get a total knee replacement," but the "operation has canceled and all the computer records of the operation was [sic] wiped out." Complaint at 3-4. Henderson demands that he either be given a total knee replacement or $1 million as damages under the FTCA and RICO. *Id.* at 5.

(2) On July 11, 2008, an Army specialist and a medical team at the military hospital in El Paso, Texas "attempted to kill or seriously maim" Henderson while he was in the emergency room by shocking him for 15 minutes in his "right cathoid artery," causing him to scream in pain. *Id.* at 6-7.

(3) On July 8, 2008, Henderson "demanded" $300 million for illegal wiretaps and illegal searches and seizures from the National Security Office, but no one responded. *Id.* at 9.

(4) In December 2009, Henderson demanded $300 million from the CIA for illegal searches and seizures, but no one responded. *Id.* at 9-10. Henderson attached to his Complaint a claim form against the CIA that contends that the "CIA has been in a massive conspiracy to damage me since February 1981 over the October Surprise." Complaint, Att. 1.

(5) On August 30, 1994, Henderson requested a "retroactive medical retirement from the U.S. State Department's Foreign Service", but it has not been provided to him, so he now requests a retroactive medical retirement of 80% of his salary. Complaint at 11-12.

None of these allegations state a claim against President Obama, and Henderson's action must be dismissed. *See Iqbal*, 129 S. Ct. at 1949; *Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory). And because allowing Henderson to amend his Complaint would be futile, the Court will dismiss this case with prejudice.

**II.     Henderson shall show cause why filing restrictions should not be imposed.**

"The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Winslow*, 17 F.3d 314, 318 (10th Cir. 1994) (internal quotation marks and brackets omitted). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous claims." *Id.* (internal quotation marks omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Thus, the Court may impose restrictions on a party's ability to file claims where it gives that party notice and an opportunity to respond, and provides clear guidance about what a plaintiff must do to obtain permission to file an action. *See id*. at 353-54. When a party has engaged in an abusive pattern of litigation, it is appropriate for the court to enjoin that litigant from filing any claims without first seeking prior leave of the court. *See In re Winslow*, 17 F.3d at 316; *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994).

The Court takes judicial notice, *see United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (stating, "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"), that Henderson has engaged in an abusive pattern of filing frivolous lawsuits again

and again regarding the same matters in the federal courts, appearing pro se and IFP. As noted below, Henderson has been filing suits regarding his discharge from the United States Foreign Service in 1981, his 1994 claims for disability retirement benefits, and his claims of government conspiracies against him that include alleged illegal wiretapping and harassment since 1983. His most recent rash of lawsuits have been filed since 2008 in a variety of federal courts across the nation. Henderson's ability to file at least forty-five suits in the federal courts perhaps may be explained, in part, by his representation that he is an inactive "member of the Texas Bar." *Henderson v. Paulson*, No. 08cv1613-WMN Doc. 3 at 1 (D. Md. July 16, 2008) (dismissing as frivolous under § 1915(e) Henderson's "delusional" suit against the Secretary of the Treasury and the "National Reconaissonce Office" for allegedly employing "some type of electronic machine to cause him to have a stroke" in an effort to silence him from "speaking out regarding former President George Bush's delay in having the Iranian hostages freed in the 1980s"), *appeal dismissed*, No. 08-1861 (4th Cir. Dec. 15, 2008) (dismissing appeal as frivolous under § 1915(e)); *Henderson v. Ratner*, No. 09cv14-EGS, 2009 WL 5159754, *6 n.1 (D.D.C. Dec. 29, 2009) (noting that Henderson "asserts that he is, and has been, a member of the Texas bar since 1978"). To explain why the Court concludes that filing restrictions should be imposed against Henderson to keep him from continuing his practice of filing frivolous suits in the New Mexico courts, the Court will summarize Henderson's filings.

Henderson has repeatedly brought suits regarding what he perceives as a massive conspiracy on the government's part to get back at him because of something he did in 1981. The Court of Federal Claims dismissed Henderson's 2007 suit against the United States brought under the FTCA and RICO , the Privacy Act and the Freedom of Information Act ("FOIA") and set out part of the lengthy history of Henderson's suits.

6

Plaintiff's basic contention is that he has been harassed by various U.S. government agencies since 1981, in retaliation for his cooperation with the media concerning the October Surprise conspiracy. October Surprise refers to the theory that the 1980 Reagan presidential campaign conspired with the Islamic Republic of Iran to delay the release of U.S. hostages in Iran until after the 1980 election. Specifically, plaintiff claims that he has been subjected to death threats by FBI agents and U.S. attorneys; he has been the subject of an "harassing investigation" by U.S. Marshals and the FBI; U.S. attorneys have deliberately withheld critical information in plaintiff's previous cases; the Drug Enforcement Administration ("DEA") has attempted to entrap plaintiff with false charges of drug smuggling; DEA agents have broken plaintiff's arm; the U.S. government has stolen plaintiff's mail; FBI agents have seized personal effects from plaintiff's home; the U.S. government has tampered with plaintiff's grievance records and work file; the U.S. government and the October Surprise conspirators have intercepted plaintiff's telephone calls by wiretap; and plaintiff's PA and FOIA requests have either been ignored, or the responses plaintiff has received have been insufficient.

The numerous documents attached to plaintiff's complaint reveal that plaintiff has filed multiple lawsuits before various U.S. district courts. Most relevant of these to plaintiff's present action are *[Henderson v.] Christopher*, [No. 96-1048,] 1997 U.S.App. LEXIS 944 [(4th Cir. Jan. 22, 1997)], and plaintiff's letter demands to Attorney General Alberto Gonzalez for damages under the FTCA. In *Christopher*, plaintiff asserted tort, employment, PA and FOIA claims in the U.S. District Court for the Eastern District of Virginia against the Secretary of State, Director of the Central Intelligence Agency, Secretary of the U.S. Department of Agriculture, U.S. Attorney General, Secretary of the Treasury, Secretary of Defense, Executive Secretary of the Foreign Service Grievance Board, National Security Advisor, and the Director of the Federal Bureau of Investigation. *Id.* The U.S. Court of Appeals for the Fourth Circuit affirmed the district court's dismissal of plaintiff's tort and employment claims, and its grant of summary judgment for defendants concerning plaintiff's PA and FOIA claims. *See id.* In the letters to Attorney General Alberto Gonzalez, dated February 25, 2006 and August 22, 2007, plaintiff asserts tort claims under the FTCA in the amount of $4 billion "due to the dereliction of duty and violations of [plaintiff's] constitutional rights by Assistant U.S. District Attorney Eduardo Castillo." FN2 Plaintiff avers that Mr. Castillo ignored death threats to plaintiff, hid critical evidence from the court, and did nothing to stop the "harassing investigation" of plaintiff by U.S. Marshals or the theft of plaintiff's mail. FN3 These claims are what plaintiff appears to be reasserting in the present action.

> FN2. Compl. at 21. Mr. Castillo is an Assistant U.S. Attorney who represented Robert Mueller, Director of the Federal Bureau of Investigation, in an action filed by plaintiff in the U.S. District Court for the Western District of Texas. *See Henderson v. Mueller*, No. 3:04-cv-00402-DB, 2006 U.S. Dist. LEXIS 18879 (W.D.Tex. Apr. 10, 2006).

FN3. Id. at 21-22.

*Henderson v. United States*, No. 07-677C, 2007 WL 5173635, *1-*2 (Fed. Cl. Oct. 16, 2007) (dismissing Henderson's suit for lack of subject-matter jurisdiction), *aff'd*, No. 2008-5009, 273 Fed. Appx. 928, 2008 WL 907517, *1 (Fed. Cir. Mar. 11, 2008). Henderson's two suits against Attorney General Gonzales had already been dismissed in 2006. *See Henderson v. Gonzales*, Nos. 06-5150, 06-5152, 198 Fed. Appx. 5, 2006 WL 2828885 (D.C. Cir. Sept. 20, 2006) (affirming dismissal of Henderson's complaints and denials of leave to amend).

Henderson's suit against Robert Mueller, the Director of the FBI, which Henderson brought under the FTCA in 2005, was based on a 1993 incident in which an FBI agent allegedly threatened to kill Henderson. *See Henderson v. Mueller*, No. EP-04-CA-402-DB, 2006 WL 978877, *1 (W.D.Tex. Apr. 10, 2006). Henderson filed a claim with the FBI in 1995 for $48,000,000, but complained, as here, that the FBI "never responded." *Id.* n.2. The court noted, however, that "the record contains a copy of the letter denying" Henderson's claim in 1995. *Id.* The court dismissed Henderson's suit for lack of subject-matter jurisdiction because Henderson had "failed to comply with the FTCA's limitation period." *Id.* at *2. The court refused to allow Henderson to amend his complaint to bring his claims against the United States because it would be futile to amend and because Henderson had "filed no fewer than eleven lawsuits in federal courts nationwide, all resolved against [Henderson]" that "burdened [the] courts with frivolous litigation." *Id.*

Not to be hindered by mere legal rulings, Henderson again sued Mueller, along with the Bureau of Alcohol, Firearms, Tobacco and Explosives, the Bureau of Immigration and Customs Enforcement, the Department of Homeland Security, a judge, the Department of Justice, and the FBI in 2008, but the court dismissed it. *See Henderson v. Bureau of Alcohol, Firearms, Tobacco &*

*Explosives*, No. 08-2016, 303 Fed. Appx. 137 (4th Cir. Dec. 15, 2008) (dismissing appeal of district court's dismissal of case under § 1915(e) as "patently frivolous").

The Court notes that other district courts had also dismissed three other suits, one against former Attorney General William Barr, and one against former Secretary of State James Baker, in 1992 and another case filed in 1997 against the Secretary of State, Attorney General, and Director of the FBI regarding Henderson's termination and conspiracy claims. *See Henderson v. Barr*, No. 92-5223, 1993 WL 31507, *1 (D.C. Cir. Jan. 29, 1993) (affirming district court's dismissal and its ruling that the appeal was "not taken in good faith" and refusing to allow Henderson proceed IFP on appeal); *Henderson v. Baker*, No. 92-5222, 1993 WL 31510, *1 (D.C. Cir. Jan. 29, 1993) (affirming district court's dismissal of Henderson's wrongful termination case and its ruling that the appeal was "not taken in good faith" and refusing to allow Henderson proceed IFP on appeal); *Henderson v. Albright*, 3:97-cv-0043-DB Doc. 4 (W.D. Tex. Apr. 11, 1997) (dismissing complaint), *appeal dismissed* (5th Cir. Jan. 8, 1998).

Henderson sued the U.S. Postal Inspector for $100 million in 2009 for allegedly interfering with his mail as "part of a massive conspiracy [a]rising from plaintiff's work as an intelligence officer with the U.S. State Department," but that case was dismissed for failing to allege sufficient facts to state a claim. *Henderson v. Estrada*, No. 09-0339, 2009 WL 427300 (D.D.C. Feb. 20, 2009). Henderson immediately filed another suit against Estrada in the Western District of Texas. *See Henderson v. Estrada*, No. 3:09-cv-0168-KC Doc. 3 at 2 (W.D. Tex. June 10, 2009) (denying motion to proceed IFP and dismissing suit against Estrada for $900 million for alleged theft from Henderson's residential mail box because Henderson did not show eligibility to proceed IFP), *appeal dismissed*, No. 09-50723 (5th Cir. Sept. 17, 2009).

9

When his suits for conspiracy against government entities and officials failed, Henderson turned his litigious intentions to private parties. "In January 2009, Henderson filed a personal injury complaint in the Eastern District of Pennsylvania against his brother-in-law, Kenneth Keisling, and his sister-in-law, Nancy Henderson, seeking millions of dollars in damages." *Henderson v. Keisling*, No. 09-1247, 341 Fed. Appx. 769, 769, 2009 WL 1741506, *1 (3rd Cir. June 22, 2009). "The complaint alleges that from 1980 to the present, the defendants have been part of a conspiracy designed to keep Mr. Henderson from publicly sharing information he learned about a government conspiracy. Mr. Henderson pled no information regarding the defendants' roles in the conspiracy or the whereabouts of the alleged actions they took in furtherance of the conspiracy." *Id.* Henderson filed the complaint in the wrong district court, but instead of dismissing the complaint *sua sponte* for failure to state a claim under § 1915(e), the district court ultimately transferred the case to the proper district. *See Henderson v. Keisling*, No. 09-21, 2010 WL 234855, *3 (E.D. Pa. Jan. 21, 2010). The magistrate judge assigned to the case in the Middle District of Pennsylvania recently issued an opinion recommending the dismissal of the complaint, noting that Henderson is "frequent litigant" who has filed "more than fifty cases in federal courts." *Henderson v. Keisling*, No. 3:10-0247, Doc. __ at 1, n.3 (M.D. Pa. Feb. 17, 2010). The magistrate judge noted that, in a letter attached to the complaint, Henderson "alleges that he has been "under a death threat by the CIA since October 1980 and this fact is due to . . .plaintiff's brother-in-law . . . who for personal and political reasons [has] engaged a conspiracy of silence to keep plaintiff from knowing what he knows about the 'October Surprise.'" *Id.* at 2. The magistrate judge concluded that Henderson's complaint and attachment "presents a fantastic and delusional scenario in which CIA officials have threatened to kill the plaintiff because of information he possesses about a secret meeting between former President Bush, Sr. and the Revolutionary Government in Iran. This complaint, like at least two others which the

plaintiff has filed in the federal district courts related to these facts has no basis in fact and should be dismissed as frivolous." *Id.* at 3 (citing *Henderson v. Paulson*, No. 08-1613 (D. Md.) and *Henderson v. ATF*, No. 08-1845 (D. Md.) (claiming that, in an effort to silence his speaking out regarding "the 1980 Iran Hostage Release – October Surprise," defendants conspired to harass him by boarding a Greyhound bus to watch him and steal his personal items)).

Henderson also has repeatedly sued various agencies and officials regarding his 1981 termination and his 1994 applications for medical retirement benefits that he mentions in the Complaint at bar. After Henderson sued Secretary of State Condoleeza Rice for medical retirement benefits, Rice filed a motion to dismiss, setting out the 10 previous cases Henderson had filed challenging his termination and the denial of those benefits and contending that Henderson could not state a claim because he had failed to exhaust his administrative remedies and his claims for benefits were barred. *See Henderson v. Rice*, No. EP-04-CA-461-DB, Doc. 9 at 2-6. After Henderson failed to respond to the motion to dismiss, the court dismissed his retirement claims with prejudice. *See id.* Doc. 9 (filed Oct, 24, 2005). Henderson did not appeal from that judgment.

Instead, Henderson sought to attempt to exhaust his administrative remedies in 2006 by filing an appeal with the Foreign Service Grievance Board ("FSGB") from the 1996 decision in which the State Department "refused to consider Henderson's application because it was untimely filed." *Henderson v. Ratner*, No. 09cv141-EGS, 2009 WL 5159754, *1 (D.D.C. Dec. 29, 2009). Jaqueline Ratner, the FSGB's Executive Secretary, informed Henderson that the FSGB had no jurisdiction over his appeal because Henderson had not timely exhausted his administrative remedies. *Id.* Henderson sued Ratner and John Naland, the president of the American Foreign Service Association ("AFSA"),, for allegedly conspiring against him to deny his claims in violation of RICO by refusing to represent

11

him before the FSGB and for refusing to acknowledge Henderson's letters and parcels. *See id.* at *1-*2. The court granted the defendants' motions to dismiss for failure to state a claim. *Id.* at *6.

Henderson had already twice unsuccessfully sued Naland for refusing "to help him in obtaining the medical retirement benefits he was allegedly denied in 1981 . . . ." *Henderson v. Naland*, No. 09-1245, 325 Fed. Appx. 253, 2009 WL 1484109, *1 (4th Cir. May 28, 2009) (affirming dismissal of Henderson's suit against Naland and AFSA's general counsel); *Henderson v. Naland*, No. 08-1710, 300 Fed. Appx. 217, 2008 WL 4949135, *1 (4th Cir. Nov. 19, 2008) (affirming dismissal of Henderson's suit against Naland and AFSA's general counsel in which he had asserted that they "wrongfully refused to assist him in obtaining the medical retirement benefits he was allegedly denied in 1981").

Henderson sued his former attorney, Bridget Mugane, for refusing, since 1983, "to assist him in obtaining medical retirement or re-employment with the Foreign Service." *Henderson v. Mugane*, No. 08-1867, 300 Fed. Appx. 212, 2008 WL 4934609 (4th Cir. Nov. 17, 2008) (affirming dismissal of complaint under § 1915(e) for failure to state a claim).[2] He also sued the Maryland Attorney Grievance Commission and its employees for intentional infliction of emotional distress because, when he filed a disciplinary complaint against Mugane for "hindering" his efforts to obtain medical retirement status, he "'had the door slammed in his face by M.D. bar counsel.'" *Henderson v. Downes*, No. 08cv1264-JFM, Doc. 3 at 2 & n.3 (D. Md. July 1, 2008) (dismissing case under § 1915(e) because it did not state a cognizable claim, noting that Henderson "is a frequent litigant," and

---

[2] Attorney Mugane had represented Henderson in a suit against the United States seeking reinstatement, back pay, and retroactive promotion and obtained a remand to the FSGB for reconsideration of its December 16, 1981 decision denying Henderson's grievance challenging the State Department's decisions not to grant him tenure or to promote him and to terminate his employment. *See Henderson v. United States*, 580 F. Supp. 1010 (D.D.C. Dec. 21, 1983).

citing 11 cases filed in 2008), *appeal dismissed,* No. 08-1866, 300 Fed. App'x 211, 2008 WL 4934607 (4th Cir. Nov. 18, 2008).

Regarding his wiretapping claims mentioned in his Complaint at bar, Henderson has sued Lt. General Alexander, director of the National Security Agency, three times under the FTCA and RICO for allegedly unlawful invasion of his phone lines from 1998 to 2008. *See Henderson v. Alexander*, No. 06-245, (D.D.C. Dec. 15, 2006) (dismissing FTCA claims for lack of jurisdiction); *Henderson v. Alexander*, No. 08cv1673 (D. Md. June 30, 2008) (dismissing case as patently frivolous under § 1915(e)), *appeal dismissed,* No. 08-1862, 303 Fed. Appx. 137, 2008 WL 5232909 (4th Cir. Dec. 15, 2008); *Henderson v. Alexander*, No. 09-1554, 2009 WL 2525212, *1 (D.D.C. Aug. 18, 2009). In the most recent suit, the district court dismissed with prejudice Henderson's RICO claims for "want of jurisdiction" and dismissed with prejudice his FTCA claims because Henderson had failed to timely file an administrative claim with the appropriate agency. *See* 2009 WL 2525212, *1.

And this is not the first time that Henderson has attempted to sue governmental officials for allegedly "utilizing an electrical machine to cause him to have a stroke" in "an effort to silence his speaking out regarding former President George Bush's delay in having the Iranian hostages freed in the 1980s." *Henderson v. Paulson*, No. 08-1613-WMN, Doc. 3 at 1-2 (D. Md. July 16, 2008) (dismissing as frivolous under § 1915(e) Henderson's "delusional" suit against the Secretary of the Treasury and the "National Reconaissonce Office"), *appeal dismissed*, No. 08-1861 (4th Cir. Dec. 15, 2008) (dismissing appeal as frivolous under § 1915(e)). Henderson also unsuccessfully sued Paulson in 2008 for allegedly violating FOIA and for failing to provide him his last paycheck in 1981. *See Henderson v. Paulson*, No. 08-1711, 300 Fed. Appx. 209, 2008 WL 4934574 (4th Cir. Nov. 18, 2008) (affirming dismissal of action).

Claiming that an entity, individual, or hospital has unlawfully destroyed or withheld records, as he claims in this case, is a common basis for Henderson's frivolous lawsuits. *See, e.g. Henderson v. Annabi*, No. 08cv0794, 2008 WL 2011915 (D.D.C. May 8, 2008) (dismissing, for lack of subject-matter jurisdiction, suit seeking $10.8 billion in damages against a medical doctor and medical center in El Paso "for allegedly withholding his medical records" and noting that Henderson claimed that the records he has received "have been falsified to conceal his alleged stroke"). Henderson has also unsuccessfully filed numerous suits for alleged FOIA, Privacy Act, and Records Disposal Act violations. *See, e.g., Henderson v. Powell*, No. EP-04-CA-403-DB, 2005 WL 1109437, *1-*2 (W.D. Tex. May 10, 2005) (dismissing case brought against Secretary of State for the "alleged destruction of [Henderson's] personnel and payroll records" under § 1915(e) because Henderson "has no private right of action" and failed to state a claim); *Henderson v. Rice*, No. 08-1907, 2008 WL 4809129 (D.D.C. Nov. 5, 2008) (dismissing for failure to state a claim under § 1915(e) Henderson's suit against the Secretary of State brought because she "has no records pertaining to his employment, namely, payroll, retirement, medical and grievance records and, thus, has violated his rights under the due process clause, 'the open records statute,' the Privacy Act, the Freedom of Information Act ('FOIA'), the Foreign Service Grievance Act and the Federal Tort Claims Act"); *Henderson v. Koch*, No. WDQ-08-1259, Doc. 3 at 1-2 (D. Md. May 29, 2008) (dismissing Henderson's suit against the CIA and its employee for having allegedly "'obstructed release of information by the Freedom of Information-FOIA and the Privacy Act for 18 years'" and seeking $800,000,000 and punitive damages under the "RICO" statute for failure to exhaust administrative remedies), *appeal dismissed*, No. 08-1733, 300 Fed. Appx. 210, 2008 WL 4934604 (4th Cir. Nov. 18, 2008).

And Henderson has unsuccessfully brought numerous other frivolous suits that are not connected to his claims in this suit. *See, e.g.*, *Henderson v. Garretson*, No. 08-CV-707, 2009 WL

3873659 (S.D. Ohio Nov. 18, 2009) (denying request to proceed IFP on appeal and dismissing with prejudice suit for breach of contract or legal malpractice against lawyer for allegedly failing to pay Henderson funds due from a settlement of a multi-district lawsuit concerning a drug given for psychosis); *Henderson v. Warner*, No. 08-CV-373-S, 2009 WL 2474071, *1 (W.D.Ky. Aug. 11, 2009) (dismissing suit for failure to state a claim under § 1915(e) against Reverend "at the U.S. Presbyterian Church National Headquarters in Louisville, Kentucky" in which Henderson alleged that "[t]he Presbyterian Church (USA) would not accept me as an Inquirer for the Ministry [in 1990], spread slander about me, and Expunged me [in 1997]"); *Henderson v. Schuenemeyer*, No. 09-50123, 325 Fed. Appx. 397, 2009 WL 1472343 (5th Cir. May 27, 2009) (dismissing complaint against Regional Commissioner of Social Security Administration for allegedly depositing payment into a wrong account for lack of subject-matter jurisdiction); *Henderson v. Hernandez*, No. 08-51178 (5th Cir. Mar. 4, 2009) (dismissing appeal of dismissal of complaint); *Henderson v. Williams*, No. 08-50766, 303 Fed. Appx. 235, 2008 WL 5262719 (5th Cir. Dec. 18, 2008) (affirming dismissal of complaint for failure to state a claim against chiefs of Los Angeles and San Diego Police Departments, the "California Police Department", and investigator for the California State Bar); *Henderson v. Hidalgo*, No. 08cv1856, 2008 WL 4723389 (D.D.C. Oct. 28, 2008) (dismissing complaint against two individuals in El Paso, an individual in North Carolina, and the Chief of Police of Chicago for billions of dollars for failure to state a claim); *Henderson v. United States*, No. 2008-5069, 310 Fed. Appx. 381, 2008 WL 5638373 (Fed. Cir. May 28, 2008) (dismissing appeal for failure to prosecute); *Henderson v. Herberger*, No. 94-50500, 44 F.3d 1004, 1994 WL 733516 (5th Cir. Dec. 29, 1994) (affirming dismissal as frivolous of complaint brought against the President of the American Graduate School of International Management and an employee of the Texas Department of Commerce alleging civil rights and RICO violations and slander); *Henderson v. Finnulau*, No.

EP-8-CV-155-DB, Doc. 2 at 2-3 (W.D. Tex. June 4, 2008) (dismissing, for failure to state a claim under § 1915(e), complaint against Amtrak employee for FOIA violation when Amtrak failed to respond to his request for copy of police report regarding pickpocketing event at the Chicago Amtrak station), *appeal dismissed*, No. 08-50621 (5th Cir. Sept. 15, 2008); *Henderson v. Nat'l RR Passenter Corp. ("AMTRAK")*, No. 08-4645-JF, Doc. 12 at 1-2 (E. D. Pa. June 8, 2009 (dismissing Henderson's subsequent suit against Amtrak for the same claim on the basis of claim preclusion); *Henderson v. Schultz*, No. SACV08-1246, Doc. 2 (C. D. Cal. November 26, 2008) (denying IFP status because of an "inadequate showing of indigency" and as "Legally and/or factually patently frivolous"), *appeal dismissed,* No. 08-57047 (9th Cir. April 23, 2009) (dismissing appeal and denying motion to proceed IFP on appeal because appeal was frivolous).

The burden Henderson has placed on the federal courts because of his frivolous filings is extremely heavy. Henderson shall show cause in writing, within 14 days of the filing of this Order, why he should not be sanctioned by the imposition of filing restrictions to stop his abusive behavior of filing frivolous suits in this District.

**IT IS ORDERED** that Henderson's motion to proceed IFP (Doc. 2) is DENIED and the case is DISMISSED with prejudice under §§ 1915(e)(2)(A) and (B).

**IT IS FURTHER ORDERED** that Henderson shall show cause in writing, within 14 days of the filing of this Order, why filing restrictions should not be imposed against him. If Henderson fails to respond, the Court will issue filing restrictions without further notice.

**SO ORDERED** this 9th day of March, 2010, in Albuquerque, New Mexico.

        **M. CHRISTINA ARMIJO**
        United States District Judge